Marcia TOMSON, Plaintiff,

v.

Robert T. STEPHAN and Bob
Storey, Defendants.

Civ. A. No. 85–4485–S.

United States District Court,
D. Kansas.

Feb. 1, 1989.

See also 696 F.Supp. 1407.

Fred D. Thompson, Sabin R. Thompson, Richard J. Braun, Law Offices of Fred D. Thompson, Nashville, Tenn., and Don C. Krueger, Emporia, Kan., for plaintiff.

Thomas D. Haney, Eison, Lewis, Porter & Haynes, Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter was tried to a jury from October 24, through November 7, 1988, and on November 7, the jury returned a verdict in plaintiff's favor on her breach of contract claim against defendant Robert T. Stephan ("Stephan") and awarded damages in the amount of $200,000. The jury returned a verdict in favor of defendant Stephan on plaintiff's false light publicity claim. Defendant Stephan has now filed a motion for judgment notwithstanding the verdict, a motion for partial new trial or, in the alternative, a motion to alter or amend judgment. Plaintiff has filed a motion for a new trial on her false light publicity claim. The court will address these motions accordingly.

### I. Motion for Judgment Notwithstanding the Verdict

The standard governing a motion for judgment notwithstanding the verdict is a strict one. "[S]ince the grant of [a motion for judgment notwithstanding the verdict] deprives the nonmoving party of a determination of the facts by a jury, [it] should be cautiously and sparingly granted." *Joyce v. Atlantic Richfield Co.*, 651 F.2d 676, 680 (10th Cir.1981). In reviewing a motion for judgment notwithstanding the verdict under Rule 50(b) of the Federal Rules of Civil Procedure, the court must not reweigh the evidence, consider the credibility of witnesses, or substitute its judgment for that

of the jury. *Id.* at 680 n. 2. Overturning a jury's verdict is permissible only if "the evidence points but one way and is susceptible to no reasonable inferences which may sustain the position of the party against whom the motion is made." *Anderson v. Phillips Petroleum Co.*, 861 F.2d 631, 634 (10th Cir.1988) (quoting *Symons v. Mueller Co.*, 493 F.2d 972, 976 (10th Cir.1974)). While a scintilla of evidence is not enough, the district court must deny the motion if evidence was before the jury upon which it could properly find against the movant. *Cooper v. Asplundh Tree Expert Co.*, 836 F.2d 1544, 1547 (10th Cir.1988). Finally, in reviewing a motion for judgment notwithstanding the verdict, "the court must construe the evidence and inferences most favorably to the non-moving party." *Bruno v. Western Elec. Co.*, 829 F.2d 957, 962 (10th Cir.1987) (quoting *EEOC v. Prudential Fed. Sav. & Loan Ass'n*, 763 F.2d 1166, 1171 (10th Cir.), *cert. denied*, 474 U.S. 946, 106 S.Ct. 312, 88 L.Ed.2d 289 (1985)).

 Defendant appears to base his request for a judgment notwithstanding the verdict on the fact that plaintiff allegedly waived her right to performance of certain contractual terms. One of those terms was that in exchange for plaintiff dismissing her lawsuit, defendant would have a friend buy plaintiff's house at a greatly inflated price. Defendant argues that plaintiff waived her right to have this contractual term enforced because she never asked defendant to perform that term of the agreement. He also contends she acted contrary to that term because she placed her house on the market through an exclusive brokerage contract and then took the house off the market from time to time. Defendant appears to be pleading an affirmative defense of waiver, which was not set out in his answer or in the pretrial order or advanced at trial. To the extent defendant is raising the issue of waiver here as an affirmative defense, defendant's contention is untimely. A party may not raise an affirmative defense for the first time after a jury has rendered a verdict and he files a motion for judgment notwithstanding that verdict. If, on the other hand, defendant is

simply attempting to controvert plaintiff's contention at trial that Stephan repudiated their contract at the October 29, 1985 news conference, defendant's contention is insufficient to support an order of judgment notwithstanding the verdict. The jury heard the evidence and arguments of both sides at trial and rejected defendant's contentions. It would be improper for the court at this stage to second guess the jury's judgment about the party's intentions.

Likewise, defendant seems to contend that plaintiff was not entitled to have defendant procure a job for her in California, as she alleged he agreed to do under the terms of the settlement contract. He contends that she waived her right to performance of this term, since she did not request his help in finding a job once she had moved to California. Again, to the extent defendant is raising an affirmative defense for the first time at this stage of the litigation, his contention is untimely and is rejected. To the extent defendant is simply rearguing the facts, his contention is also rejected. While defendant argues that plaintiff never asked for his help, or that plaintiff did not want his help, plaintiff did present contradictory evidence at trial. She testified that she understood that this term of the contract was to be enforced, but that before she had a chance to request his help, he effectively repudiated the contract by holding the news conference on October 29, 1985. The jury heard this contradictory testimony and decided in favor of the plaintiff. The court is not at liberty to overturn the jury's decision.

 Finally, defendant contends that even if there was competent evidence to support a finding that defendant breached the two terms of the contract discussed above, plaintiff failed to show any proof of damages resulting from the breach. On the contrary, plaintiff introduced evidence at trial showing the losses she incurred because of defendant's failure to have a friend buy plaintiff's house, and the decline in income she suffered as a result of his failure to procure a job for her in California. This testimony on damages went

largely uncontroverted by defendant Stephan at trial. The court is not at liberty to reweigh the evidence presented by plaintiff at trial, and the motion for judgment notwithstanding the verdict will therefore be denied.

## II. Defendant's Motion for New Trial

Rule 59(a) of the Federal Rules of Civil Procedure permits the trial court to grant a new trial "to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." *See Suggs v. State Farm & Casualty Co.*, 833 F.2d 883, 887 n. 5 (10th Cir.1987), *cert. denied,* — U.S. ——, 108 S.Ct. 1732, 100 L.Ed.2d 196 (1988) (federal law provides the substantive standard for reviewing the grant or denial of a new trial in a diversity case). Whether to grant a new trial is a decision committed to the informed discretion of the district court. *Ryder v. City of Topeka,* 814 F.2d 1412, 1424 (10th Cir.1987). *See also McDonough Power Equip., Inc. v. Greenwood,* 464 U.S. 548, 556, 104 S.Ct. 845, 850, 78 L.Ed.2d 663 (1984). In reviewing a motion for new trial, the district court should "exercise judgment in preference to the automatic reversal for 'error' and ignore errors that do not affect the essential fairness of the trial." *Id.* at 553, 104 S.Ct. at 848. "[T]he party seeking to set aside a jury verdict must demonstrate trial errors which constitute prejudicial error, or that the verdict is not based on substantial evidence." *White v. Conoco, Inc.,* 710 F.2d 1442, 1443 (10th Cir.1983). In considering a motion for a new trial on the grounds of prejudicial error, the alleged trial court errors must be prejudicial and clearly erroneous, rather than harmless. Also, no error in the admission or exclusion of evidence and no error in any ruling or order of the trial court or anything done or omitted by the court, can be grounds for granting a new trial unless the error or defect affects the substantial rights of the parties. *Rasmussen Drilling, Inc. v. Kerr–McGee Nuclear Corp.,* 571 F.2d 1144, 1148–49 (10th Cir.),

*cert. denied,* 439 U.S. 862, 99 S.Ct. 183, 58 L.Ed.2d 171 (1978). "A motion for new trial on the grounds that the jury verdict is against the weight of the evidence normally involves a review of the facts presented at trial, and thus involves the discretion of the court." *Black v. Hiebs Enterprises, Inc.,* 805 F.2d 360, 363 (10th Cir.1986). In considering such a motion, the trial court must focus on whether the verdict was clearly, decidedly, or overwhelmingly against the weight of the evidence, *id.,* and on appeal, the district court's decision on the motion for new trial is affirmable absent an "unusual situation" or a "gross abuse of discretion." *Karns v. Emerson Elec. Co.,* 817 F.2d 1452, 1456 (10th Cir. 1987) (citing *Harris v. Quinones,* 507 F.2d 533, 535 (10th Cir.1974)).

### A. New Trial on Grounds of Prejudicial Error.

Defendant contends he is entitled to a new trial in this case because the court erred in properly instructing the jury on the relevant measure of damages in a breach of contract action. The court instructed the jury as follows:

> If you find for the plaintiff on her breach of contract claim, then you should award such sum as you believe will fairly and justly compensate her for the damages you believe she sustained as a direct result of the breach of contract by the defendant.

*See* Court's Instruction No. 12.

Defendant offered an alternative instruction on damages during the jury instruction conference. Defendant proposed Pattern Instruction for Kansas 18.07. PIK 2d 18.07 provides language whereby the court may list the elements of damages properly sought by plaintiff in a breach of contract action. The court did not include this language in its instruction, but otherwise, the language in the Court's Instruction No. 12 tracked PIK 18.07. In fact, the same language quoted above from the Court's Instruction No. 12 is also set out in full in PIK 2d 9.40. The Notes to PIK 2d 18.07 provide that "PIK 9.40, with slight modifi-

cation, may also suffice in breach of contract actions."

In giving the Court's Instruction No. 12 rather than defendant's proposed instruction, the court complied exactly with the note to PIK 2d 18.07. Further, defendant presents no authority which might suggest that a court's decision to use PIK 2d 9.40 instead of PIK 2d 18.07 constitutes prejudicial error, entitling defendant to a new trial. In fact, it is hard to conceive that it would constitute reversible error in this district to use the PIK instructions.

Further, any suggestion by defendant that the jury might have been allowed to presume that they could consider emotional distress as part of the contract damages is rebutted by a closer reading of the court's instructions in full. Instruction No. 5 set out specifically that:

> Plaintiff claims that as a result of the breach of contract, she has suffered a loss of earnings and earning capacity and a loss of profits on the sale of her home.

The language of the instructions was unequivocal: the only damages sought by plaintiff or recoverable under her breach of contract claim were those resulting from a loss of earnings and earning capacity and a loss of profits on the sale of her home. Any suggestion that plaintiff might be entitled to damages for mental distress was made only in the context of plaintiff's false light publicity claim, which the jury rejected. It is pure speculation for defendant to suggest that prejudicial error resulted from the court's instructions; in fact, in order to reach defendant's conclusion, one must assume that the jury consciously disregarded the instructions of the court. The court will not make such a wild assumption. No prejudicial error occurred as a result of the court's instructions, and defendant's motion for a new trial on this ground will be denied.

Defendant also argues he is entitled to a new trial because the court erred in finding that the contract in question did not violate the statute of frauds. This issue has already been addressed in full by the court, *see Tomson v. Stephan,* 696 F.Supp. 1407, 1414 (D.Kan.1988); *Tomson v. Stephan,* No. 85–4485–S, slip op. at 233 (D.Kan., *unpublished,* March 9, 1988), and defendant's contention is once again rejected.

**B. Motion for New Trial Based on Weight of the Evidence.**

Again, defendant Stephan challenges the jury's rejection of his contention that plaintiff waived her right to have the terms of the settlement contract enforced. In asking for a new trial, defendant contends that the overwhelming weight of the evidence indicated she had waived any rights to enforcement of the settlement contract. He further contends that the overwhelming weight of the evidence shows that an award of damages is unsupported by the facts.

■ The court will first address the issue of waiver. At trial, this court listened to extensive testimony by both plaintiff and defendant Stephan. It also heard testimony from plaintiff's former lawyers who negotiated the settlement and the advisors who assisted Stephan in arranging the settlement. Nothing presented those two weeks of trial leaves the court with the firm impression that plaintiff intended to or did waive her rights to enforcement of the settlement contract. The evidence was conflicting and the jury drew reasonable conclusions from the evidence presented. Defendant's argument before the court now does not convince this court that justice would require a new trial.

■ As to defendant's contention that the evidence did not support the amount of the jury's damage award, the court will note the following. A very small portion of the two weeks of testimony focused on the pecuniary losses plaintiff suffered as a result of defendant's breach of the settlement contract. However, most of the evidence that was produced at trial by plaintiff went largely uncontroverted by defendant. Substantial evidence supported her contention that Stephan promised a friend would buy her $40,000 home for $70,000. It also discussed her employment history since the 1985 news conference and highlighted her difficulty in securing a well-

paying job in California.* Her counsel introduced her income tax returns for the last several years, showing a significant decline in income since 1985. Defendant's only substantive attempt to discredit plaintiff's evidence of damages involved an effort to show she had been fired from a job in California. While this suggests that plaintiff was to blame for her own declining income, the evidence presented by defendant was not so convincing that it left this court with the overwhelming feeling that the verdict was against the weight of the evidence, or that defendant should be entitled to a new trial.

In summary, the jury had competent evidence before it to determine that plaintiff had been damaged in the amount of $30,-000 by Stephan's failure to have a friend buy her house. Further, the jury had competent evidence from which it could conclude that plaintiff's earnings and her future earning capacity had decreased substantially. Reviewing the evidence in a light most favorable to the plaintiff, her loss of earnings from the time of the 1985 news conference to the time of trial could total approximately $100,000. While it is difficult to determine with great specificity how a person's earning capacity may be reduced in the future, the jury could reasonably conclude that a substantial reduction in her earning capacity had resulted from Stephan's breach of contract. The jury heard evidence of the decreased earning capacity she had suffered since the press conference up to the time of trial; they also heard overwhelming evidence of the adverse publicity Stephan's action had brought about. The court, again, is not left with the overwhelming feeling that the evidence decidedly showed plaintiff's damages to be a substantial amount less than $200,000. In fact, Stephan's failure in his memorandum in support of this motion to do anything more than make the conclusory allegation that "plaintiff failed to prove damages" does little to convince this court that the evidence was overwhelmingly in his favor. Defendant's motion for a new

trial on grounds of the weight of the evidence will be denied.

### III. Defendant's Motion for Remittitur

■ When considering a motion for remittitur, the court must examine whether the jury award "was so excessive that it shocks the judicial conscience or leads to an inescapable inference that it resulted from improper passion or prejudice on the part of the jury." *Malandris v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 703 F.2d 1152, 1177 (10th Cir.1981), *cert. denied*, 464 U.S. 824, 104 S.Ct. 92, 78 L.Ed.2d 99 (1983). The decision of whether to grant remittitur is within the sound discretion of the trial court. *Garrick v. City and County of Denver*, 652 F.2d 969, 971 (10th Cir.1981).

For the reasons stated in section 2(B), *supra*, the court does not believe the jury award was so excessive that it shocks the judicial conscience or leads to an inescapable inference that it resulted from improper passion or prejudice on the part of the jury. Therefore, the motion for remittitur will be denied as well.

### IV. Plaintiff's Motion for New Trial

Plaintiff has asked for a new trial against defendant Stephan on her false light publicity claim. The same standards enumerated above in deciding whether to grant a new trial apply here as well.

■ Plaintiff essentially alleges two prejudicial errors which she argues mandate a new trial. Her first contention is that the court improperly allowed the admission of various evidence regarding plaintiff's former attorneys, Fred Phelps, Sr. and Marge Phelps. Plaintiff contends that the evidence submitted was irrelevant and highly prejudicial to her case. The court disagrees. Fred Phelps, Sr. and Marge Phelps were witnesses only on plaintiff's breach of contract claim. It is patently clear from the fact that plaintiff prevailed on her breach of contract claim, that any evidence concerning Fred Phelps, Sr.

---

* Plaintiff also contended that part of her difficulty in securing employment was caused by Stephan's statements at the press conference, which she said rendered his letter of recommendation (also provided as part of the settlement) worthless.

and Marge Phelps which may have been improperly admitted at trial was not prejudicial. Therefore, this contention is rejected.

■■■ Plaintiff also contends the court committed prejudicial error by excluding certain testimony proffered by her from a female Topeka attorney. The proffered testimony was intended to show that before the woman was an attorney, she worked as a waitress at a Topeka club, and that while working at a New Year's Eve Party which defendant Stephan attended, Stephan made certain sexual advances toward her. Plaintiff offered the testimony to controvert defendant Stephan's statement from the stand that nothing in his public or private life suggested he would engage in the kind of conduct of which plaintiff had accused him in the original sexual harassment action. The court denied plaintiff's offer.

Plaintiff contends that the evidence was admissible under Rule 404(b) and Rule 608(b) of the Federal Rules of Evidence. Rule 404(b) provides that evidence of other acts is not admissible "to prove the character of a person in order to show action in conformity therewith." Evidence of those acts is admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Plaintiff contends that the woman's testimony would be relevant to show Stephan's motive, intent, plan or knowledge, but she does not state what motive, intent, plan or knowledge the testimony might go to show, or whether any such motive, intent, plan or knowledge would be relevant to this case. It appears more that in the context of Rule 404(b), the evidence was offered to show behavior by Stephan in conformity with the behavior plaintiff complained of in her first lawsuit. Of course, Rule 404(b) does not allow the admission of such evidence for that purpose.

Rule 608(b) of the Federal Rules of Evidence provides:

> Specific instances of the conduct of a witness for the purpose of attacking or supporting the witness' credibility ... may not be proved by extrinsic evidence.

They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness.

The testimony the woman offered was extrinsic evidence, specifically forbidden by Rule 608(b). At most, plaintiff would have been allowed to question Stephan about the incident during his cross examination. However, the Rule suggests even such an inquiry can be allowed only at the discretion of the court. The court excluded any mention of the proffered testimony at trial because although marginally relevant, its probative value was substantially outweighed by the danger for unfair prejudice. The woman was not at any time an employee of defendant Stephan. Although the woman may have been the victim of an unwelcome sexual advance, she was not a victim of sexual harassment. Stephan testified from the stand that nothing in his public or private life suggested that he would do what plaintiff accused him of doing: sexually harassing her. The law looks very differently upon unwelcome sexual advances in a social setting and the same kind of advances by a superior in an employment setting. The proffered testimony would not have sufficiently controverted Stephan's statement from the stand, and could have greatly prejudiced the jury against Stephan. The evidence was properly excluded, and plaintiff is not entitled to a new trial on her false light publicity claim.

IT IS BY THE COURT THEREFORE ORDERED that defendant Stephan's motion for judgment notwithstanding the verdict, motion for partial new trial, or in the alternative, motion to alter or amend judgment is denied. IT IS FURTHER ORDERED that plaintiff's motion for new trial is denied.